Rosemary Hollinger and E. Elizabeth Miller, Plaintiffs, *v.* The Department of Public Welfare of the Commonwealth of Pennsylvania, Helene Wohlgemuth, Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania, The Office of Administration of the Commonwealth of Pennsylvania, Frank Beal, Secretary of the Office of Administration of the Commonwealth of Pennsylvania, The Joint Bargaining Committee of The Pennsylvania Employment Security Employes' Association and the Pennsylvania Social Services Union, Pa. Security Employes Association, AFL-CIO, Pa. Social Services Union, AFL-CIO, and Service Employes International Union, AFL-CIO, Defendants.

John Mook, E. Gail Zeigler, Verna L. Schaefer, Maria A. Contino, Kenneth E. Schaefer, Jonathan Witmer, Dorothy Riffle, John P. Showers, Elliott E. Smith, Freda Abers, Lois Scheiffley, William E. Graffius, and Rosemary Caolo, Plaintiffs, *v.* Milton J. Shapp, Governor of the Com-

monwealth of Pennsylvania, The Department of Public Welfare of the Commonwealth of Pennsylvania, Helene Wohlgemuth, Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania, The Office of Administration of the Commonwealth of Pennsylvania, Frank Beal, Secretary of the Office of Administration of the Commonwealth of Pennsylvania, The Joint Bargaining Committee of the Pennsylvania Employment Security Employes' Association and the Pennsylvania Social Services Union, Pa. Security Employes Association, AFL-CIO, Pa. Social Services Union, AFL-CIO, and Service Employes International Union, AFL-CIO, Defendants.

Argued February 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. J. WILKINSON, JR. did not participate.

*Thomas A. Beckley,* with him *Craig W. Bremer* and *Beckley & Grove,* for plaintiffs.

*Stephen A. Sheller,* with him *Astor & Weiss,* for defendant, Unions.

*Gerry J. Elman,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, *Robert P. Kane,* Attorney General, for defendant, Commonwealth.

*Jerome H. Gerber.* with him *James L. Cowden,* and *Handler, Gerber & Weinstock,* for amicus curiae, Pennsylvania State AFL-CIO.

OPINION BY PRESIDENT JUDGE BOWMAN, May 15, 1975:

Before us are preliminary objections by defendants to plaintiffs' complaints in equity in two closely related cases which we will dispose of in one opinion.

In each case defendants assert a want of jurisdiction in equity because plaintiffs in each case enjoy an adequate remedy at law. Within the context of resolving this issue we accept as true all well-pleaded averments of fact in the respective plaintiffs' complaints. *Bruhin v. Commonwealth,* 14 Pa. Commonwealth Ct. 300, 320 A.2d 907 (1974). Additionally, a partial stipulation of facts was filed in each case and there is no dispute as to the facts material to the issue to be disposed of.

In both cases, the plaintiffs are employes of the Commonwealth. In *Mook,* plaintiffs are "rank and file" employes who became subject to a collective bargaining agreement entered into June 1, 1972, between the Commonwealth as employer and the certified bargaining representative for this group of employes pursuant to the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, 43 P.S. §1101.101 et seq. (Act). Article III (Union Security) and Article IV (Dues Deduction) of the agreement contain standard maintenance of membership provisions which, as pertinent here, require the employer, with the

employe's written consent, to deduct membership dues and assessments during the term of the agreement with a right in any member employe to resign union membership and terminate dues deduction authorization during the fifteen (15) day period prior to the expiration of the agreement.

In *Hollinger,* plaintiffs are "first level supervisors." Their certified representative for the purpose of *meeting and discussing* entered into a memorandum of understanding with the Commonwealth as employer on January 22, 1973, which in Recommendation No. 2 contained maintenance of membership provisions identical to those recited above as to the "rank and file" contract. However, Recommendation No. 25 specifically provides that the "memorandum of understanding" shall not constitute a collective bargaining agreement nor a contract binding upon the parties.

Pursuant to the agreement in *Mook* and the memorandum of understanding in *Hollinger,* plaintiffs' employer deducted plaintiffs' dues from their pay. Both the agreement and the memorandum by their terms expired on June 30, 1973. Following the expiration of the agreement in *Mook,* a hiatus of twenty-six days occurred before a new agreement was entered into between the parties. This agreement did not contain a retroactive provision extending the agreement back to June 30, 1973.

Likewise, a hiatus of several months occurred between the expiration of the memorandum in *Hollinger,* and the entering into of a new memorandum on January 30, 1974. During these intervals in which the parties were negotiating, the plaintiffs *resigned* from their union.

Initially, the Commonwealth honored these resignations and terminated dues deductions. However, after union prodding, the Commonwealth reinstituted deductions in March of 1974 on the basis of the union's determination that the resignations were invalid because they were made during the hiatus between agreements and

memorandums and not within the fifteen day period as provided in the agreement and memorandum.

Unable to persuade the Commonwealth to again terminate the dues deductions, the plaintiffs filed their complaints in equity, seeking an injunction restraining defendants from deducting union dues, from remitting dues already deducted but not transmitted, and seeking an accounting. Accompanying the complaints were requests for ex parte and preliminary injunctive relief, which were denied on July 15, 1974 and October 31, 1974, respectively. The defendants then filed the aforementioned preliminary objections to plaintiffs' complaints.

Principally, the preliminary objections challenge the jurisdiction of equity on the basis that an adequate remedy at law exists. Secondly, the preliminary objections raise the issue of the failure of plaintiffs to state a claim upon which relief can be granted. The Commonwealth also preliminarily objects on the grounds of sovereign immunity.

We will first consider these preliminary objections as they relate to the *Mook* case wherein a collective bargaining agreement had existed.

Primarly, defendants assert that plaintiffs enjoy an adequate remedy at law by way of filing an unfair labor charge with the Pennsylvania Labor Relations Board (PLRB) pursuant to sections 1201 and 1301 of the Act, 43 P.S. §§1101.1201, 1101.1301, and if aggrieved by its decision by way of judicial review thereof. They also suggest alternative remedies assertedly available to plaintiffs of (1) invoking internal union remedies; (2) grievance and arbitration procedures contained in the collective bargaining agreement; and (3) a cause of action in assumpsit.

The very suggestion of these possible alternative remedies arguably available to plaintiffs, each one of which is not only of doubtful availability, but equally doubtful in affording plaintiffs a full and complete remedy at law, demonstrates the flaw in defendants' argument.

Given plaintiffs' contention that they resigned from and are not presently members of the union, that the origi-

nal contract which had bound them has expired, that the events complained of post date the expiration of the original agreement, and that the new agreement makes no provision for retroactivity, it would appear doubtful that plaintiffs enjoy standing as against their employer or the union to invoke unfair labor practice charges before the PLRB. Furthermore, having invoked such a procedure, they would possibly be found to have admitted membership status in the union under the new agreement. Equally doubtful is whether an employe union member in any event may file an unfair labor charge before the PLRB against his employer charging wrongdoing on the part of both the employer and the union which is his certified collective bargaining representative. Conversely, of clear certainty is the want of power in the PLRB to temporarily restrain deduction and payment over of the disputed "dues" pending its adjudication of an unfair labor charge —a remedy available in equity and here sought by plaintiffs even though denied by this Court in the exercise of its discretion.

Equally untenable as affording plaintiffs a full and complete remedy at law are the suggested alternative remedies asserted as available to plaintiffs of invoking internal union procedures or grievance and arbitration procedures in the current argument. Neither is available to plaintiffs without their conceding the controlling significance of the agreement or union membership, or both, the very heart of the issues in dispute.

Nor do we believe an action in assumpsit offers a full and complete remedy at law. The tortuous path of legal snares awaiting plaintiffs in attempting to invoke such a remedy is formidable. Does one proceed before the Board of Arbitration of Claims whose jurisdiction is limited to contract claims to which the Commonwealth is a party, or must one look elsewhere for competent jurisdiction? Furthermore, we believe that a recent decision of the Supreme Court of Pennsylvania is decisive of this particu-

lar asserted adequate remedy at law and persuasive authority that equity enjoys jurisdiction in this case. In *Philadelphia Federation of Teachers, Local No. 3 v. Board of Education*, Pa. 327 A.2d 47 (1974), the union attempted to utilize the vehicle of equity to compel the public employer to deduct dues from a member's pay after the member resigned from the union during the interval between the expiration of the old agreement and the institution of a new agreement which contained a retroactive clause. Preliminary objections were filed to this complaint raising equity's jurisdiction in view of a remedy in assumpsit. The lower court dismissed the preliminary objections, and on appeal, the Supreme Court in footnote 3 stated:

"As to the preliminary objection that there was no jurisdiction in equity, we agree with the chancellor that the remedies at law available to the Federation are inadequate . . . ." Pa. at 327 A.2d at 49.

For the reasons heretofore expressed, each of the alternative remedies at law asserted to be available to plaintiffs are either unavailable to them without conceding union membership status to acquire standing, or are palpably inadequate in that none of them afford to plaintiffs a full and complete avenue of redress.

Finally, the Commonwealth also raises the issue of sovereign immunity to the cause of action as asserted against the named State official and agencies. As asserted against these particular defendants, plaintiffs first seek injunctive relief against further dues deduction from their salaries and remittance thereof to the union. As to this relief, we are of the opinion that these defendants are not within the scope of the sovereign immunity doctrine as delineated in *Philadelphia Life Insurance Co. v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963); *also see Beth Jacob Schools of Philadelphia v. Labor Relations Board*, 8 Pa. Commonwealth Ct. 343, 301 A.2d 715 (1973). However, plaintiffs also seek an accounting from *all*

defendants which necessarily would lead to a money judgment if their suit is well founded. This result would insulate the Commonwealth from this cause of action in equity upon the sovereign immunity doctrine as enunciated in *Philadelphia Life Insurance Co., supra,* unless sovereign immunity has been legislatively waived. We find such waiver in the enactment of the Public Employe Relations Act. Its public policy declaration (section 101, 43 P.S. §1101.101) evidences an intent to promote orderly and constructive relationship between public employers and their employes, and while affording multiple rights and responsibilities between such employers, their employes and their collective bargaining representatives, imperfectly affords remedies in all situations in which an employe believes himself to be aggrieved by misinterpretation of the law by the employer. To deny to an employe afforded important fundamental rights and responsibilities under the Act, the equally important right to assert such a contention in an otherwise proper form of action because of sovereign immunity concepts should not be allowed to follow. The sovereign immunity concept in general has been under heavy attack for judicial abolition only to be rebuffed by the judiciary as being within the prerogative of the legislature under our Constitution, *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973).

We believe as to the relationship between public employers and their employes under the Act, its interpretation and meaning, the Legislature has spoken. Sovereign immunity is not a defense to an otherwise properly asserted cause of action where the provisions of the Act are drawn into question.

The essential distinguishing feature between *Mook* and *Hollinger* is that in *Hollinger* there was no agreement, only a non-binding memorandum between the parties. As we have concluded that equity has jurisdiction where an agreement existed, which arguably pro-

vides plaintiffs with a remedy at law, we perforce conclude that equity has jurisdiction in the absence of an agreement. Since the memorandum by its own provisions was not binding on the parties, it cannot form the basis of an unfair labor practice charge except where a party refuses to comply with the requirement of "meet and discuss."

In *Hollinger* plaintiffs, as to all the asserted remedies at law which they allegedly enjoy, are in an equally or even more precarious position than the plaintiffs in *Mook*. None of the asserted remedies at law are available to them or, if available, afford them a full and complete remedy at law.

For the foregoing reasons, we enter the following

## ORDER

Now, May 15, 1975, the defendants' preliminary objections in each case are dismissed. Defendants shall file answers to plaintiffs' complaints within twenty (20) days of the date hereof.