Commonwealth of Pennsylvania *v.* Albert Bisland, Frank DeAngelis, Marietta Votto, Robert Geffen, Robert Schuerman, Robert Freeman, Marie Ann Peduto and Gene Simms. Marietta Votto, Appellant.

Argued February 3, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Charles E. Friedman,* with him *Cooper, Friedman & Butler,* for appellant.

*Kathleen Herzog Larkin,* Deputy Attorney General, with her *Joseph W. McGuire,* Deputy Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellees.

OPINION BY JUDGE BLATT, March 24, 1977:

This is an appeal from an order of the Court of Common Pleas of Dauphin County which overruled the preliminary objections made by Marietta Votto (appellant) to the jurisdiction of that court.[1]

The appellant was named as a defendant with seven others in a complaint in trespass brought by the Commonwealth. The complaint alleged a conspiracy by the defendants to defraud the Commonwealth of money in connection with a flood reconstruction loan, and, because the appellant is a resident of Connecticut, service was made upon the Department of State. The appellant filed a preliminary objection and supporting depositions contending that the court did not have *in personam* jurisdiction over her because she is a non-resident and is not amenable to service of process under the Long Arm statute, 42 Pa. C.S.A. §8301 et seq. Although the preliminary objection was properly endorsed with a notice to plead within 20 days, the Commonwealth did not file a responsive pleading, and the lower court overruled the preliminary objection, holding that the allegations in the complaint provided sufficient grounds for jurisdiction over the appellant. This appeal followed.

Challenges to jurisdiction over non-residents under the Long Arm statute present two questions: (1) whether the non-resident's alleged conduct was within the relevant provisions of the statute and, if so, (2) whether the exercise of *in personam* jurisdiction over the non-resident in the particular circumstances of this case complies with the constitutional mandate of due process of law. *Action Industries, Inc. v.*

---

[1] An order raising a question of jurisdiction is appealable pursuant to Section 1 of the Act of March 5, 1925, P.L. 23, 12 P.S. §672, *see Allegheny Contracting Industries, Inc. v. Flaherty*, 6 Pa. Commonwealth Ct. 164, 293 A.2d 639 (1972).

*Wiedeman,* 236 Pa. Superior Ct. 447, 346 A.2d 798 (1975). The Commonwealth has stipulated that it is relying on the provisions of either Section 8303 or Section 8305 of the Long Arm statute, 42 Pa. C.S.A. §§8303, 8305, as the basis of jurisdiction over the person of the appellant. These sections provide in pertinent part:

§8303. Commission of tortious acts by individuals

Any nonresident of this Commonwealth, who, acting individually, under or through a fictitious business name, or through an agent, servant or employee, shall have committed a tortious act within this Commonwealth . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual.

§8305. Causing harm by individuals

Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth . . . shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter.

It is a well established rule that preliminary objections (or pleadings in the nature thereof) admit as true all facts which are well and clearly pleaded but not the pleader's conclusions or averments of law.

*In Re Estate of Bach,* 426 Pa. 350, 231 A.2d 125 (1967); *Hollinger v. Department of Public Welfare,* 19 Pa. Commonwealth Ct. 74, 348 A.2d 161 (1975). And, our review here of the Commonwealth's amended complaint supports the lower court's conclusion that the allegations contained within it provide sufficient grounds for the exercise of *in personam* jurisdiction over the appellant under either Section 8303 or 8305 of the Long Arm statute.

The facts alleged in the amended complaint are that Stagg of Huntingdon, Inc., a New York corporation, obtained a loan from the Commonwealth through the Bellefonte Area Industrial Development Authority in the amount of $664,000 to repair flood damage. The note evidencing the debt was signed by Stagg of Huntingdon and by its parent corporation Stagg Holding Corporation, also a New York corporation. The complaint avers further that the defendants, acting individually and together, conceived, developed and executed a conspiracy and plan to use the corporate identities of these corporations with which they were connected to fraudulently and unlawfully obtain and distribute among themselves the proceeds of the loan. The plan is said to have involved exaggerated claims of flood damage, the presentment of false invoices for payment, and the routing of the fraudulently obtained funds through various corporate and individual accounts in Pennsylvania and New York. In this context, we believe that there are clearly sufficient allegations in the amended complaint for the exercise of the *in personam* jurisdiction claimed over the appellant. The torts of conspiracy and conversion of Commonwealth funds alleged in the complaint occurred in Pennsylvania and are sufficient to support jurisdiction under Section 8303. The economic harm caused to the Commonwealth by the conversion and misuse of state funds designated for flood relief was

the result of acts both in Pennsylvania and in New York and is sufficient for jurisdiction under Section 8305.

The appellant argues that, because of the Commonwealth's failure to respond to the preliminary objection, the allegations of fact made within the preliminary objection and the depositions provided in support thereof must be taken as true and the objection sustained on that basis. It is true that the failure to answer preliminary objections endorsed with a notice to plead constitutes an admission. 2 Anderson Pennsylvania Civil Practice §1017.40. · In actions in trespass, however, such admissions are limited, and Pa. R.C.P. No. 1045(a) provides:

(a)   A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied.

Our examination of the material factual averments in the appellant's preliminary objection here leads us to conclude, however, that they are not relevant to the grounds on which the Commonwealth has asserted jurisdiction over the appellant. These factual averments, which are supported by the supplied depositions, state

3.   Defendant has no office or place of business in the Commonwealth of Pennsylvania.

4.   Defendant is not nor has she been doing business in Pennsylvania so as to make her amenable to service of process.

These averments obviously challenge an assertion of jurisdiction based on Section 8304 of the Long Arm statute, 42 Pa. C.S.A. §8304, which provides for juris-

diction over a non-resident doing business in this State. Inasmuch, however, as the Commonwealth has based its assertion of jurisdiction over the appellant here on allegations that she has individually or jointly committed a tort or caused harm in this State as provided in Sections 8303 and 8305, we can find no error in the lower court's overruling this preliminary objection.

The United States Supreme Court set forth the standard to be applied in determining whether the exercise of *in personam* jurisdiction over a non-resident complies with due process of law in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945):

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

The nature of the minimum contacts necessary under the Pennsylvania Long Arm statute was examined by the Pennsylvania Superior Court in *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa. Superior Ct. 12, 323 A.2d 11 (1974) and restated in *Action Industries v. Wiedeman, supra*, 236 Pa. Superior Ct. at 455, 346 A.2d at 802.

> First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its law. . . . Secondly, the cause of action must arise from defendant's activities within the forum state. . . . Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. . . .

In this case it is clear that each of these requirements is satisfied. The group of which the appellant is allegedly a part acted under a corporate guise in this state, invoking the benefits and protections of Pennsylvania law. The alleged torts of conspiracy and conversion and the economic harm resulting from the alleged acts of the defendants all took place in Pennsylvania. Finally, the exercise of jurisdiction in this case is reasonable because the Commonwealth undoubtedly has an interest in recovering State funds which have been illegally converted. Because the appellant here has sufficient minimum contacts with the Commonwealth, the exercise of *in personam* jurisdiction over her by the lower court does not violate due process of law.

The appellant argues finally that the lower court erred in refusing to consider all of the testimony contained in the depositions provided in support of her preliminary objection.[2] The depositions contained statements of the appellant and a co-defendant relating to the issue of whether or not she was connected in any way with the illegal scheme alleged. The lower court refused to consider this testimony in ruling on the preliminary objection, recognizing that it was directed primarily to the ultimate issue of the appellant's liability to the plaintiff and that it would therefore be impermissible to decide this issue prior to affording the plaintiff its day in court. Our review of the depositions and the averments of the pre-

---

[2] This issue is misstated in the parties' briefs as a result of an unfortunate use of language in the lower court's opinion. Language in that court's opinion suggested that the court was deferring a decision on the question of its jurisdiction over the appellant but a careful reading of the entire opinion reveals that it overruled the preliminary objection on the basis of the allegations in the plaintiff's amended complaint. It is clear to us that what the court was deferring was consideration of all of the testimony in the appellant's depositions.

liminary objection support this ruling of the lower court. As previously noted, the averments in the preliminary objection were directed to the question of whether or not the appellant was doing business in Pennsylvania. The depositions supplied in support of these averments, however, contained testimony which went beyond this question and described the circumstances of the appellant's alleged minimal participation in the activities described in the amended complaint. We agree with the lower court's conclusion that the practical result of considering this testimony at this point in the proceedings would be to litigate the appellant's liability to the plaintiff in depositions. What the appellant has attempted to raise in her depositions is clearly a defense to the entire action which she will be free to raise at an appropriate point in the trial.

The order of the lower court is affirmed.

#### ORDER

AND Now, this 24th day of March, 1977, the order of the Court of Common Pleas of Dauphin County overruling the preliminary objection of Marietta Votto is hereby affirmed.