## Wimbush v. Coastal Engineering Co.

*Edward B. McDaid*, for plaintiff.
*Jon C. Sirlin*, for defendant.

FORER, *J.*, January 26, 1979—Laura Wimbush, a Pennsylvania resident, brought this action in trespass to recover for bodily injuries incurred on or about March 16, 1977, when her hand was crushed in a food sealing machine in Pennsylvania.

Defendant's preliminary objections raise the question of the reach of the Pennsylvania Long-Arm Statute of November 15, 1972, P.L. 1063, sec. 8305, 42 P.S. §8305.[1] The facts are not in dispute. Plaintiff was injured at her place of employment in Pennsylvania because of an alleged malfunctioning or failure in design of a machine on which she was working. This machine was designed and built by defendant, John Lysobey, a Connecticut resident, trading as Coastal Engineering. The machine was ordered by plaintiff's employer, Vita Foods, Inc., for use in its New York plant. Defendant designed and built the machine to meet the specifications of Vita and the laws of New York, and sold the machine to Vita outright in 1970 or 1971 for the

---

1. "8305. Causing harm by individuals. Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth . . . shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter."

sum of $5,000. Defendant did not patent the machine. He has no rights to royalties or to control the use or operation of the machine. In 1972 or 1973, defendant supplied replacement parts for the machine, sending them to Pennsylvania as requested by Vita. This was defendant's only notice that the machine had been moved to Pennsylvania. Until he appeared in court on this matter, defendant had never been in Pennsylvania.

Plaintiff admits that defendant is not doing business in Pennsylvania. She predicates jurisdiction on the theory that defendant's action outside of Pennsylvania has caused harm in this Commonwealth. Both parties admit that plaintiff has a good cause of action in New York and Connecticut. Service was made on the Department of State pursuant to the Pennsylvania Long-Arm Statute. Defendant does not dispute the adequacy of the notice he received,[2] but contends that his connection with Pennsylvania is too attenuated under the due process clause of the Fourteenth Amendment to the United States Constitution to justify imposing upon him the burden and inconvenience of defense in Pennsylvania.

Under the common law, plaintiff had the choice of forum: VonMehren & Trautman, Jurisdiction to Adjudicate; A Suggested Analysis, 79 Harv. L. Rev. 1121 (1966). The choice, however, was limited by the necessity of obtaining personal service on defendant or by bringing an action in rem or quasi in rem in a jurisdiction where property was located: Pennoyer v. Neff, 95 U.S. 714 (1877). In personam jurisdiction was traditionally predicated on de-

2. See Mullane v. Central Hanover Trust Co., 339 U.S. 306 (1950).

fendant's domicile or his relationship with the forum, not on plaintiff's domicile or his relationship with the forum. See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

With the rise of interstate travel and accidents occurring in jurisdictions which were not the domicile of either plaintiff or defendant and with the growth of multistate corporations and corporations doing business in many states, obtaining service on defendant for torts allegedly committed within the jurisdiction became a widespread and serious problem. A new mechanism was required to permit suits to be tried in a more appropriate forum than that in which personal service could be obtained. Varying forms of long-arm statutes was the response in many states.[3] See, e.g.: McGee v. International Life Ins. Co., 355 U.S. 220, 226 (1957); Kitzinger v. Gin.bel Bros., Inc., 240 Pa. Superior Ct. 345, 350-51, 368 A. 2d 333, 336 (1976); Faust v. Davenport, 69 D. & C. 2d 453, 460 (1975). See also, Currie, The Growth of the Long Arm, U. Ill. Law Forum 533, 544-60 (1963). These statutes were designed to make service of process possible, *not* to change the basic jurisdiction of the courts.

In International Shoe Co. v. Washington, 326 U.S. 310 (1945), the Supreme Court ruled that the jurisdictional test was that defendant must have sufficient minimum contacts with the forum so that the maintenance of the suit would not "offend traditional notions of fair play and substantial justice." In Shaffer v. Heitner, 433 U.S. 186 (1977), this standard was applied to actions in rem. The Supreme Court most recently elucidated the

---

3. See the 1972 amendments: Garfield v. Homowack, 249 Pa. Superior Ct. 392, 378 A. 2d 351, 354 (1977).

minimum contacts standard by emphasizing the "fairness" of entering an in personam judgment against a nonresident defendant: Kulko v. Superior Court of California, 436 U.S. 84 (1978). The essential criterion is now whether the quality and nature of defendant's activity is such that it is both fair and reasonable to require that he conduct his defense in the forum. Id. at 102: Tuckman v. Aerosonic Corp., _____ Del. _____, 394 A. 2d 226, 228, n. 2 (1978). The focus of in personam jurisdiction has, therefore, shifted from a question of personal service on defendant or the situs of the property in dispute to the relationship of the forum to defendant and the litigation itself.

Concurrent with the growth of long-arm statutes has been the extension of protection to consumers of defective goods under Restatement, 2d, Torts, §402A. Under Pennsylvania law: "[P]olicy considerations suggest that in personam jurisdiction, as far as permissible under due process, should be concomitant with the scope of §402A." Kitzinger v. Gimbel Bros., Inc., 240 Pa. Superior Ct. at 353, 368 A. 2d at 337.

"To decide whether appellant is subject to the in personam jurisdiction of Pennsylvania courts, we must answer two questions a) whether appellant's conduct was within the relevant provision of the long-arm statute and b) whether the exercise of jurisdiction over appellant under the particular circumstances of this case complies with the constitutional mandate of due process of law." Monroeville Land v. Sonnenblick-Goldman, 247 Pa. Superior Ct. 61, 66, 371 A. 2d 1326, 1328-29 (1977). See also Com. v. Bisland, 29 Pa. Commonwealth Ct. 388, 371 A. 2d 529, 530 (1977); Milliken v. Meyer, 311 U.S. 457, 463-64 (1940).

Applying these standards to the case at bar, it is clear that plaintiff's pleadings raise allegations which, when considered in the light most favorable to plaintiff, literally comply with section 8305. Defendant is a nonresident who, under a fictitious business name, allegedly caused harm within this Commonwealth. The instant case turns, therefore, on whether in personam jurisdiction exercised by Pennsylvania over this defendant offends due process.

The present action differs markedly from those cases in which:

a. The nonresident defendant is actually doing business within the forum state: Ar-Con Bldg. Specialties, Inc. v. Famco, Inc., 480 F. 2d 162 (5th Cir. 1973) (foreign corporation solicited orders for its products within the forum, warranted fitness of the products sold, and entered into contracts in the forum), and Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A. 2d 505 (1967) (regular or systematic course of activities carried on by a foreign corporation in the forum).

b. A nonresident defendant ships goods, either directly or indirectly, into the forum state for sale therein, thus invoking the benefits of the forum's laws: McCrory Corp. v. Girard Rubber Corp., 225 Pa. Superior Ct. 45, 307 A. 2d 435 (1973) (foreign corporation sold products to a middleman who produced the goods and then sold the finished product to a resident corporation), and Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F. Supp. 441 (E.D.Pa. 1973) (foreign corporation's single shipment of work-in-progress inventory to a domestic corporation upon telephone request by the latter).

c. A tort is committed in the forum by a nonresi-

dent defendant: Hess v. Pawloski, 274 U.S. 352 (1927) (transient motorist subjected to in personam jurisdiction on the basis of a single negligent tort); Pointexter v. Willis, 23 Ohio Misc. 199, 51 Ohio Ops. 2d 157, 256 N.E. 2d 254 (1970) (father failed to provide support for his illegitimate child), and Aiken v. Lustine Chevrolet, Inc., 392 F. Supp. 883 (D.D.C. 1975) (fraudulent misrepresentation in the sale of a car).

The case at bar is more analogous to that of Braasch v. Vail Associates, Inc., 370 F. Supp. 809 (N.D. Ill. 1973), in which an Illinois plaintiff injured in a Colorado ski school was not permitted to obtain jurisdiction in Illinois over a New York corporation which manufactured ski bindings. Defendant was not licensed to do business in Illinois, did not maintain an office or place of business there, at no time employed officers, agents, or employes in Illinois, had not transacted business in Illinois, and was not doing business within Illinois. See also People ex rel. Jeffers v. Gibson, 181 Colo. 4, 508 P. 2d 374 (Colo. 1973) (an Oklahoma handler and distributor of milk who sold products outside of Colorado, did not control the ultimate destination of the goods, and had no outlets in Colorado). To hold that a foreign manufacturer whose product reaches the forum state and causes injury therein, in the absence of additional facts, is amenable to in personam jurisdiction in that state violates due process: Uppgren v. Executive Aviation Services, Inc., 304 F. Supp. 165 (D. Minn. 1969).

Plaintiff argues that the situation in the case at bar is analogous to that of a criminal defendant who stands in New Jersey and shoots a gun, injuring a

person in Pennsylvania. Clearly Pennsylvania law would apply in such a case. Malice follows the bullet. Admittedly, defendant in the case at bar had no intent to injure plaintiff. The instant action would more appropriately be likened to a situation in which a New Jersey resident sold a gun to an individual in New Jersey not knowing what the individual intended to do with it, and that person then shot the gun while standing in New Jersey, thereby injuring a person in Pennsylvania. Clearly Pennsylvania would not have jurisdiction over such a defendant. Under Pennsylvania law, the decision must be made, therefore, on an ad hoc case-by-case basis, and not by application of any mechanical rule. See Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa. Superior Ct. 12, 18, 323 A. 2d 11 (1974); Action Industries, Inc. v. Wiedeman, 236 Pa. Superior Ct. at 455; Hart v. McCollom, 249 Pa. Superior Ct. 267, 376 A. 2d 644, 647 (1977); Kitzinger v. Gimbel Bros., Inc., 240 Pa. Superior Ct. at 354, 368 A. 2d at 338 n.5.

The court in Proctor, supra, enumerated certain guidelines which aid in the necessary factual analysis used to determine whether the requisite minimum contacts are present. Id. at 228 Pa. Superior Ct. at 19, 323 A. 2d at 15. First, defendant must have purposefully availed himself of the privilege of acting within the forum state, thereby invoking the benefits and protections of its laws: Hanson v. Denckla, 357 U.S. 235, 253 (1958). Second, the cause of action must have arisen from defendant's activities within the forum. See Southern Machine Co. v. Mohasco Industries, Inc., 401 F. 2d 374 (6th Cir. 1968). Third, defendant's acts must have a sufficiently substantial connection

with the forum to make the exercise of jurisdiction over defendant reasonable. See also Kitzinger v. Gimbel Bros., Inc., 368 A. 2d at 338; Hart v. McCollom, 376 A. 2d at 647.

Although the Proctor court applied these guidelines to a foreign corporation, they are also useful when determining the amenability of a non-resident individual to Pennsylvania service of process: Monroeville Land v. Sonnenblick-Goldman, 371 A. 2d at 1331. However, what may be "fair play" and "substantial justice" as to corporation may not always be the same when individuals are involved. Cases involving corporations should be received cautiously as precedent for cases involving individual defendants: Stepnowski v. Avery, 234 Pa. Superior Ct. 492, 497-98, 340 A. 2d 465 (1975); Action Industries, Inc. v. Wiedeman, 236 Pa. Superior Ct. at 456; City of Phila. v. Bullion, 28 Pa. Commonwealth Ct. 485, 368 A. 2d at 1381 n.11 (1977).

Applying the Proctor criteria seriatim, this court cannot find that the first element has been satisfied. The record fails to establish that defendant knew or had reason to know that the machinery it sold to Vita was intended for use in Pennsylvania, or that it would ever be used there. Hence, defendant did not knowingly direct goods to Pennsylvania.[4] Second, the cause of action does not arise from defendant's activities within the forum. Defendant did nothing which could reasonably have a foreseeable effect in Pennsylvania. Cf. Gray v. Am.

---

4. This case differs drastically from that of a manufacturer who produces goods intended for distribution in other states or for sale to ultimate consumers. See, e.g., Kitzinger v. Gimbel Bros., Inc., supra.

Radiator & Standard Sanitary Corp., 22 Ill. 2d 432, 176 N.E. 2d 761 (1961).

It is apparent that the third criterion of Proctor, supra, has not been satisfied either. This defendant had no connection whatsoever with Pennsylvania. Cf. Action Industries v. Wiedeman, supra. He could not reasonably have anticipated that the failure to construct a machine properly would have had a deleterious effect and substantial consequences in Pennsylvania. Although the injury occurred in Pennsylvania, it is apparent that defendant did not involve himself in this forum in commercial transactions to any degree, much less a significant degree.

There are no minimum contacts between defendant and Pennsylvania which would justify this court in taking jurisdiction.

## ORDER

And now, January 25, 1979, it is hereby ordered and decreed that defendant's preliminary objections to jurisdiction are sustained and that plaintiff's complaint is dismissed without prejudice to proceed in the proper forum.