## Pyle v. Pennsylvania National Insurance Company

*C. Gregory Frantz,* for plaintiff.
*Frank A. Orban, Jr.,* for defendant.

SHAULIS, *J.,* February 19, 1979—This matter is before the court on defendant's preliminary objection raising a question of service and a rule to show cause why service of process should not be set aside.

This action was commenced by the filing of a praecipe directing the prothonotary to issue a summons in trespass and assumpsit against the Pennsylvania National Insurance Company at its agent's office, W. H. Barton Insurance Agency, South Lynn Ave., Somerset, Pa. The sheriff's return indicates that a sheriff's deputy served "Pennsylvania National Insurance Company at their principle [sic] place of business at 133 W. Main Street, in Somerset Borough, Somerset County, Pennsylvania, with a true and correct copy of the within Writ of Summons in Trespass and Assumpsit, No. 424 Civil Docket 1978, by handing to and leaving with Vera Jean Fye, Office Manager and Licensed Agent for Pennsylvania National Insurance Company at the time and place in charge and making known to her the contents thereof."

Defendant, Pennsylvania National Mutual Casualty Insurance Company, filed a preliminary objection contending the following:

"4. That Robert Brant Insurance Company forwarded said Summons to the Pennsylvania National Mutual Casualty Insurance Company to its Regional Office at Hollidaysburg, Pennsylvania.

"5. The Pennsylvania National Mutual Casualty Insurance Company alleges and avers that it is not the Pennsylvania National Insurance Company, if such a company exists.

"6. The Pennsylvania National Mutual Casualty Insurance Company alleges and avers that it does not have a principal office or any office at 133 West Main Street, Somerset Borough, Somerset County, Pennsylvania, that Vera Jean Fye is not its Office Manager or person in charge of any office of Pennsylvania National Mutual Casualty Insurance

Company, that the said Vera Jean Fye is not employed by Pennsylvania National Insurance Company in any capacity whatsoever.

"7. The Pennsylvania National Mutual Casualty Insurance Company further alleges the following: a. That Vera Jean Fye is not an executive officer, partner or trustee of said corporation. b. That Vera Jean Fye is not an Agent of said corporation. c. That said corporation has no office or usual place of business in Somerset County. d. That said Vera Jean Fye is not an Agent or person in charge of any office or usual place of business of the corporation, licensed or otherwise. e. That Vera Jean Fye is not an Agent authorized by appointment to receive service of process. h. That service has not been made as required by Pennsylvania Rule of Civil Procedure No. 2180 or by the provisions of the Judicial Code."

The preliminary objections were properly endorsed with a notice to plead. Plaintiff did not file a responsive pleading to the preliminary objections.

At oral argument, defendant's counsel stated that he assumed that defendant's name had been erroneously stated in the writ of summons since a claim for basic losses under no-fault had been filed with Pennsylvania National Mutual Casualty Insurance Company by plaintiff's counsel. The primary issue for determination is whether the corporate defendant has been subjected to a proper service of process as required by the Rules of Civil Procedure.

Pa.R.C.P. 2180 states the following:

"Rule 2180. Service of Process.

"(a) Service of process within the county in which the action is instituted shall be made upon a corporation or similar entity by the sheriff of that

county by handing a copy thereof, attested by the prothonotary or sheriff or certified by the plaintiff to be a true copy, (1) to an executive officer, partner or trustee of the corporation or similar entity; or (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity; or (3) to an agent, authorized by appointment to receive service of process; or by delivering an attested or certified copy thereof in the manner provided by law to a statutory agent authorized to receive service of process.

"(b) The plaintiff shall have the right of service in any other county by having the sheriff of the county wherein the action was instituted deputize the sheriff of any other county wherein service may be had.

"(c) If service cannot be made under any of the methods set forth in subdivisions (a) or (b) of this rule, the court upon petition shall authorize service by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct."

In the absence of fraud, a sheriff's return of service which is full and complete on its face is conclusive and immune from attack by extrinsic evidence. The conclusive nature of the sheriff's return is restricted only to facts which are stated in the return and of which the sheriff presumptively has personal knowledge, such as when and where the writ was served. The immutability of a return does not extend to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information ob-

tained through hearsay or statements made by third persons: Hollinger v. Hollinger, 416 Pa. 473, 206 A. 2d 1 (1965). The portion of the sheriff's return dealing with Ms. Fye's status and the existence of a place of business are not conclusive.

Defendant, in its preliminary objections, has denied the existence of any basis for effective service of process on it by service on a local insurance representative. That pleading contained averments of fact and was accompanied by a notice to plead and as such, it required a responsive answer: 4 Standard Pa. Pract. §19, 24; Home Security Corporation v. James Talcott, Inc., 62 D. & C. 2d 457 (1973). Failure to file an answer results in an admission of properly pleaded averments of facts in the preliminary objections: 2 Anderson Pa. Civ. Pract. §1017.40; 2 Goodrich-Amram 2d §1028(c):(2); Standard Machine & Equipment Co. v. Hartford Accident & Indemnity Co., 70 D. & C. 2d 110 (1974). In Com. v. Bisland, 29 Pa. Commonwealth Ct. 388, 371 A. 2d 529 (1977), the court held that a failure to answer preliminary objections raising a question of jurisdiction in a trespass action is governed by Pa.R.C.P. 1045. Accordingly, failure to answer admits nothing except those averments relating to the identity of a person by whom a material act was committed, the agency or employment of such person, or the ownership, possession or control of the property or instrumentality involved. Since the averments in the instant case relate to agency, failure to answer is deemed an admission of them. The admitted averments negate any basis for effective service of process on the corporate defendant by service on the local insurance representative. As such the service of process must be set aside.

This technical ruling does not answer the question of whether service on a local insurance representative is effective service of process on the insurance corporation. Since the issue will, no doubt, reappear as this case continues, some discussion is in order.

As with other actions, actions against corporations are regulated concerning venue and service of process. Pa.R.C.P. 2179 states the following:

"Rule 2179. Venue.

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business; . . . Note: See Rule 2198.

"(b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought (1) in a county designated in subdivision (a) of this rule; or (2) in the county where the insured property is located; or (3) in the county where the plaintiff resides, in actions upon policies of life, accident, health, disability, and livestock insurance or fraternal benefit certificates." Adopted November 26, 1943, effective August 1, 1944; amended March 14, 1956, effective July 1, 1956.

Rule 2180, supra, sets forth the proper method of service of process; however, the defendant contends that it cannot be subjected to service of process within Somerset County because none of the persons authorized to accept service are located in

this county and thus, deputized service would have to be used.

Where a corporate defendant is not subject to service within the forum county, deputized service or service by registered mail directed to the Secretary of the Commonwealth is permitted. The provisions of the Rules of Civil Procedure are applicable to insurance corporations, the statutory provisions concerning service of process, Act of April 24, 1957, P.L. 318, 40 P.S. §466a, having been suspended by Pa.R.C.P. 2200(8).

It is plaintiff's contention that the local insurance representative would fall within Rule 2180 and service of process could occur within the county so long as service was made at an office or usual place of business of the corporation.

The existence of an office or usual place of business will be determined in accordance with the general rules applicable to "doing business" by corporations, either domestic or foreign: 7 Goodrich-Amram 2d §2180(a):9. However, every corporation which is "doing business" in the Commonwealth is not necessarily subject to service under Rule 2180(a)(2). It may be "doing business" without having an "office" or "usual place of business." Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A. 2d 505 (1967).

Inquiry into whether corporate activity qualifies as "doing business" usually occurs in determining venue or in determining the existence of in personam jurisdiction over a foreign corporation. With regard to the latter, the U. S. Supreme Court in International Shoe Co. v. Washington, 90 L.Ed. 95 (1945), set forth the following principle: "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not

present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 90 L.Ed. 95, 102. This principle is reflected in the provisions of the Judicial Code which deal with jurisdiction. See 42 Pa.C.S.A. §§5308, 5322(b). As noted above, "doing business" is also a standard applicable to domestic corporations. Usually the question arises in determining if venue exists under Pa.R.C.P. 2179(a)(2) which allows actions to be brought against a corporation if it regularly conducts business in the county. Venue in actions against insurance companies is controlled by 2179(b). Under subsection 3 of that section, an action can be brought in the county where the plaintiff resides if it is based upon certain enumerated types of policies. Thus, venue is not always dependent on the insurance company "doing business." However, if service of process is to be made in the forum county by delivery to an agent, the service must occur at an office or place of business. If there is a place of business or office, then the corporation is doing business. The converse of this is not always true, however.

The word "office" is subject to several interpretations. Goodrich-Amram 2d notes that it can be interpreted as meaning the corporation's "registered office." In addition it can mean any office at which business is conducted: 7 Goodrich-Amram 2d §2180(a):9. The type of activities conducted at the local office is determinative as to whether the insurance company is doing business in an office within the county. This, in turn, is dependent on the nature of the relationship between the local representative and the insurance company.

Statutory regulations of insurance companies are found in Purdons, Title 40. An insurance agent is defined as follows:

"§231. Insurance agents defined

"An agent is an individual, copartnership or corporation, authorized in writing by a company, association, or exchange—(a) To solicit risks and collect premiums, and to issue or countersign policies in its behalf; or (b) To solicit risks and collect premiums in its behalf.

"A person, copartnership, association, or corporation, not a duly licensed insurance broker, who, for or without compensation, solicits insurance on behalf of any insurance company, association, or exchange, or transmits for a person, copartnership, association, or corporation, other than himself or itself, an application for a policy of insurance to or from such company, association, or exchange, or offers or assumes to act in the negotiation of such insurance, or in any manner aids in transacting the insurance business of any such company, association, or exchange, by negotiating for or placing risks or delivering policies or collecting premiums for such company, association, or exchange, shall be an insurance agent within the intent of this act, and shall thereby become liable to all the duties, requirements, liabilities, and penalties to which an agent of such company, association, or exchange is subject: Provided, however, That the word 'agent' shall not include non-resident salaried employes of foreign exchanges which maintain no offices in this Commonwealth and pay no commissions to such employes, or officers or salaried employes of any insurance company, association or exchange, which is authorized to transact business in this

Commonwealth, who do not solicit, negotiate or place risks or as to title insurance, duly admitted attorneys-at-law, licensed real estate agents, or real estate brokers."

An insurance broker is defined as:

"§251. Insurance broker defined   An insurance broker is a person, copartnership, or corporation, not an officer or agent of the company, association, or exchange interested, who or which, for compensation, acts or aids in any manner in obtaining insurance for a person other than himself or itself." May 17, 1921, P.L. 789, art. VI, sec. 621. It would appear that the existence and extent of written authority determines whether or not the local representative qualifies as an insurance agent.

Even if the local representative is an agent within the meaning of Title 40, the question remains whether an insurance agent is an agent within the meaning of Pa.R.C.P. 2180(a)(2). The purpose of regulating methods of service of process is to provide procedural safeguards to insure that the defendant is notified of the existence of an action against him and of his opportunity to defend. When the defendant is a corporation, the rules are intended to insure that appropriate personnel within the corporate structure get such notice. Goodrich-Amram 2d summarizes the general theory of Rule 2180 and the meaning of agent as follows:

". . . the general theory of Rule 2180, which may be summarized as follows:

"1.  Service may be made on a corporation or similar entity by delivering a copy of the writ to a responsible executive at any place where the sheriff may find him.

"2. If service is to be made on any person other than such a responsible executive, such service may be accomplished only at the office or place of business of the corporation or similar entity.

"These two methods would seem to furnish the best possible means of directing actual knowledge of the pending action to the defendant. Clearly, actual notice to a responsible executive will satisfy the requirements of due process because, except in cases where he may have an adverse interest and thereby be disqualified, his position as an executive will assure actual knowledge of the action to the corporation or similar entity. Similarly, if an agent or person for the time being in charge is given a copy of the writ at the office or place of business of the corporation or similar entity, it can be safely assumed that the recipient will see that the process is delivered, like any other papers delivered at the office, to a responsible administrative official of the defendant.

"With respect to both domestic and foreign corporations and similar entities the word 'agent' will be limited to representatives having a certain dignity or authority, as distinguished from mere employees and persons acting in a subordinate capacity, although the group of 'agents' will be broader than the 'executive officers.' The service of process on the agent will be limited to service at the 'office' or 'usual place of business' of the defendant although the 'agent' need not necessarily be the 'person in charge thereof.' The requirement of being 'in charge thereof' is mandatory only when the individual served is a 'person' having a relationship to the defendant not sufficient to classify him as an 'agent.'" 7 Goodrich-Amram 2d §2180(a):6.

In Wilson v. Northern Insurance Co., 211 Pa. Superior Ct. 155, 235 A. 2d 458 (1967), the court held that a person who sold insurance for defendant, who had authority to collect money and give receipts for premiums on insurance by the defendant, who accepted notification of cancellation from policyholders for defendant and who was authorized to settle small claims was a proper agent of defendant for service of process.

In Wright v. Limberger, 14 Chester 301 (1966), the court held that where a general broker represented a number of insurance companies including the company sought to be served in the instant action, and placed policies for her customers with one or more of those companies and collected premiums on behalf of those companies; and where the insurance company in question exercised no specific control over the way the general broker conducted her business, such activity did not amount to "doing business" on the part of the insurance company within the meaning of Pa.R.C.P. 2180(a)(2) and that therefore service of process upon the secretary of such general broker would not serve to give plaintiff jurisdiction over defendant insurance company.

In determining the nature of an agency relationship, each case must be decided on its own facts: Namie v. DiGirolamo, 412 Pa. 589, 195 A. 2d 517 (1963).

While as a general proposition we might say that service of process on an insurance agent will be effective while service on a broker will not, it is important to keep in mind that the broad definition of broker may include within it one who is sufficiently controlled by the insurance company to

qualify as an agent for service of process even though, by definition, he is not an "insurance agent."

The facts of each case will determine the issue and in the instant case for the want of an answer to the preliminary objections we are not in a position to take testimony and determine the issue.

## ORDER

Now, February 19, 1979, defendant's preliminary objections are sustained and the service of process is set aside.