**Hurley v. Won**

Before Shughart, *P.J.*, and Sheely, *J.*

*John J. Buchy, Jr.*, for plaintiffs.
*James W. Evans*, for defendant hospital.

SHUGHART, *P.J.*, March 9, 1979—Defendant, Holy Spirit Hospital, filed preliminary objections in the nature of a demurrer to plaintiffs' complaint alleging negligence of the hospital arising from surgery performed upon plaintiff wife by Dr. Won at the hospital on January 5, 1977. Plaintiffs allege that the surgery performed on Mrs. Hurley's nose to remedy headaches, pain and difficulty in breathing was to be confined to internal procedures without making any change in the outward shape of her nose. They allege that no informed consent was

given or would have been given to surgical procedures which would have resulted in alteration of the shape of the nose. It is averred that as a result of the operation and contrary to the information supplied by Dr. Won before the operation, the shape of her nose was changed for which she and her husband seek damages.

Plaintiffs contend that the hospital was negligent in failing to obtain Mrs. Hurley's informed consent to the operation and in not informing her of the nature of the operation before it permitted its facilities and employe to be used in the performance of the operation. Plaintiffs base their complaint upon the alleged breach of two independent duties placed upon the hospital and not on the doctrine of respondeat superior. Defendant denies that there is a duty upon the hospital to secure an informed consent.

Although preliminary objections admit all well-pleaded facts and inferences therefrom; Commonwealth Department of Transportation v. Pennsylvania Power & Light Company, 34 Pa. Commonwealth Ct. 594, 383 A. 2d 1214 (1978); they do not admit averments or conclusions of law: Com. v. Bisland, 29 Pa. Commonwealth Ct. 388, 371 A. 2d 529 (1977). In Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976), the Supreme Court said: "In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. [Citations omitted.] If there is any doubt, this should be resolved in favor of overruling the demurrer. [Citations omitted.]" Id. at 5, 364 A. 2d at 693.

Contrary to the contention of plaintiffs, it is the *duty of the physician* or surgeon to obtain an in-

formed consent to an operation after informing the patient of the possible results of the surgical procedures: Gray v. Grunnagle, 423 Pa. 144, 223 A. 2d 663 (1966); Sauro v. Shea, _____ Pa. Superior Ct. _____, 390 A. 2d 259 (1978). In Pennsylvania, the law imposes no duty on a hospital to obtain consent from a patient prior to an operation. It was Dr. Won and not the hospital who had the responsibility to discuss the procedures with Mrs. Hurley and gain her informed consent: Cooper v. Roberts, 220 Pa. Superior Ct. 260, 286 A. 2d 647 (1971).

Plaintiffs argue that the hospital at least had a duty to explain the procedures and the nature of the operation to the patient before the operation. A thorough search of Pennsylvania law discloses no such duty. Since the surgeon has the responsibility to discuss the procedures and gain the informed consent, no purpose would be served by an additional explanation which at best would be redundant and at worst confusing to the patient.

No claim under respondeat superior is alleged, and the law imposes no duty on the hospital to obtain consent from Mrs. Hurley by explaining the procedures to her. Plaintiffs, therefore, have not stated a cause of action against defendant hospital upon which relief can be granted.

## ORDER

And now, March 9, 1979, for the reasons stated in the opinion filed this date the preliminary objections of the Holy Spirit Hospital in the nature of a demurrer be and are sustained, and the complaint against said hospital is dismissed. Plaintiffs are given 20 days in which to file an amended complaint to state a cause of action.