Stepnowski et ux., Appellants, *v.* Avery et ux.

Argued March 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Frank L. Caiola,* for appellants.

*Leigh P. Narducci,* with him *McCarthy, King, Narducci & Signore,* for appellees.

OPINION BY JACOBS, J., June 24, 1975:

This is an appeal from an order granting a petition to strike a default judgment. The seminal issue which is presented is whether the isolated sale of a personal residence by private individuals who thereafter become non-residents is sufficient to meet the "doing business" requirement of the Pennsylvania long-arm statute;[1] and, if so, whether the exercise of extraterritorial in personam jurisdiction based upon such a sale is consistent with due process requirements.

On August 15, 1973, the appellants, Raymond and Helmi Stepnowski, purchased a house in Montgomery County, Pennsylvania, from the appellees who until the time of the transaction used it as their principal dwelling.

---

1. Act of November 15, 1972, P.L. 1063, No. 271, §§8301-11; 42 Pa.C.S. §§8301-11 (Supp. 1974-75). The appellees also assert that the appellants failed to properly invoke the long-arm statute, but we reject this argument. The appellants followed the requirements of Pa.R.C.P. 2079(a). The propriety of proceeding under Rule 2079(a) is extended to those actions "of the class specified in Rule 2077(a)(1)." We hold that whether or not the long-arm statute is mentioned in the *note* to Rule 2077(a)(1), it is within the category of statutes with which Rule 2077(a)(1) is concerned. If the fact that Rule 2079(a) requires service upon the Secretary of the Commonwealth whereas the long-arm statute requires service upon the Department of State is a distinguishing fact, it represents a distinction without a difference. The Secretary of the Commonwealth is the chief officer of the Department of State. 4 Pa. Code §9.21, *adopted* April 14, 1973, 3 Pa. Bull. 691.

After selling their house, the appellees, Bernard and Arlene Avery, moved to Connecticut. The appellants allege that after entering into possession of the house they discovered certain latent defects in the roof and plumbing system which could not have been discovered by a reasonable inspection and which, they allege, had not been disclosed to them by the sellers.

The appellants notified the Averys of these defects and the cost of their repair by letter dated October 24, 1973. The Averys responded by letter denying responsibility and contending that not only were the alleged defects plainly visible but also they were discussed and considered in the negotiated purchase price.

The Stepnowskis filed a Complaint in Assumpsit on December 3, 1973, alleging money due because of the presence of the defects. A default judgment was entered on March 1, 1974, and was eventually stricken by the court on October 17, 1974, for want of proper jurisdiction.

As stated above the question presented is whether the appellees by selling their personal residence have subjected themselves to the jurisdiction of the courts of this Commonwealth by "doing business" in Pennsylvania.[2]

---

2. The only section of the long-arm statute upon which appellants may properly rely is §8304 entitled: "Doing business by individuals." It states that

"[a]ny nonresident of this Commonwealth who ... shall have done any business in this Commonwealth ... or a resident of this Commonwealth who shall have done business in this Commonwealth ... and thereafter shall have become a nonresident ... shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process ... if and only if at the time the cause of action accrued or the harm or financial loss occurred, [he] shall have been doing any business within this Commonwealth ...."

Two other sections of the statute relate to acts done by individuals, but we find them inapplicable. Section 8303 requires a "tortious act;" the appellants do not allege that the Averys committed a tort and do not rely upon this section. Section 8305, which

It cannot be doubted that the recent legislative and judicial trend has been towards the liberalization of the "doing business" requirement and toward the adoption of the federal "minimum contacts" approach to the issue of extraterritorial jurisdiction. *Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974); *Image Ten, Inc. v. Walter Reade Organization, Inc.*, 456 Pa. 485, 322 A.2d 109 (1974). This Court recently had occasion to construe the Pennsylvania statute as it applies to foreign corporations and noted that "[t]he evolution of the Pennsylvania 'long-arm' statute has now become coexistent with the evolution of substantive jurisdictional due process as expressed by the United States Supreme Court." *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa. Superior Ct. 12, 18, 323 A.2d 11, 14 (1974).

Even under the most liberal conception of minimum contacts, however, we cannot find acts sufficient to justify the exercise of in personam jurisdiction in the case at bar. "The emphasis of the statute is upon doing something in Pennsylvania for the purpose of making a profit." *McAndrew v. Burnett*, 374 F.Supp. 460, 462 (M.D.Pa. 1974). This Court, after an extensive review of the legislative history of the Pennsylvania long-arm statute and the interpretations which other jurisdictions have placed upon similar statutes, cannot accept the premise that our legislature's continued use of the touchstone "doing business" contemplated the incidental sale of a personal residence. The continued expansion of long-arm jurisdiction to "contacts which have their roots in the

is asserted by the appellants, is not applicable. By its terms it only applies to a nonresident "who, acting outside of this Commonwealth, ... shall have caused any harm within this Commonwealth ...." Any harm which may have been occasioned in this case was done by a resident within the Commonwealth. Sections 8303 and 8304 specifically include acts done by residents who become nonresidents. This language is noticeably lacking in §8305 and we must presume that its omission was intentional. *Commonwealth v. Rieck Inv. Corp.*, 419 Pa. 52, 213 A.2d 277 (1965).

market-place"[3] as opposed to those acts done within the state which are not actuated by a profit motive does not herald "the eventual demise of all restrictions on the personal jurisdiction of state courts." *Hanson v. Denckla,* 357 U.S. 235, 251 (1958). In our opinion the Pennsylvania statute did not intend to reach the occasional transaction conducted between private parties when such a transaction is not incidental to their business activities.[4] *But see Van Wagenberg v. Van Wagenberg,* 241 Md. 154, 215 A.2d 812, *cert. denied,* 385 U.S. 833 (1966) (extraterritorial jurisdiction derived from execution of marital separation agreement).

Due process requires that the exercise of jurisdiction be reasonable under the circumstances. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). What may

---

3. *Van Wagenberg v. Van Wagenberg,* 241 Md. 154, 170, 215 A.2d 812, 820, *cert. denied,* 385 U.S. 833 (1966).

4. The legislature listed in section 8309 of the statute certain acts which "shall constitute 'doing business'" for the purposes of the statute. The sale of a personal residence, however, does not fit squarely within any of the categories. It is not a series of acts, or a single act done with the intention of initiating a series of acts, and it does not involve the shipping of merchandise, or the engaging in any business or profession. It is possible to argue that the sale of a private residence falls within category five: "[t]he ownership, use or possession of any real property situate within this Commonwealth." However, it is equally possible to argue that it does not. Section 8304 requires that the individual shall have been doing business "at the time the cause of action accrued or the harm or financial loss occurred . . . ." The *instant action is an assumpsit* action which appears to be based upon a breach of implied warranty. Any such breach could only have occurred upon delivery of the deed. It may be argued that at the moment any breach could have occurred or any harm could have resulted, the appellees were no longer engaged in the ownership, use or possession of the property. We choose, however, to rest our decision on less technical ground, and hold that an incidental transaction which is not actuated by a profit motive, is not "doing business" within the contemplation of our long-arm statute.

be "fair play" and "substantial justice" as to corporations may not always be such as to individuals, and cases involving corporations should be received cautiously as precedent for cases involving individual defendants. We find that the exercise of jurisdiction in this case would be unreasonable and offensive to traditional notions of fair play and substantial justice. *See Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* supra.

Order affirmed.