416 A.2d 1054

**Donald F. MANCHEL, Appellant,**

v.

**Joel WEIL.**

Superior Court of Pennsylvania.

Argued June 26, 1979.

Filed Dec. 14, 1979.

Paul Mark Perlstein, Philadelphia, for appellant.

Stephen Levin, Philadelphia, for appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

ROBINSON, Judge:

This is an appeal from the order of the court below sustaining preliminary objections to a complaint in assumpsit on the ground the court lacked jurisdiction over the person of defendant.

The defendant, Weil, appellee herein, a resident of Illinois prior to January of 1977, made a telephone call to plaintiff, Manchel, appellant herein, a resident of Pennsylvania, to his place of business in Philadelphia, Pennsylvania and consum-

* Judge Otto P. Robinson of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge Maurice Louik of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

mated an oral agreement for the rental of a villa which appellant owned in Acapulco, Mexico. Among the terms of the rental agreement, was the condition that appellant's telephone at the villa could be used by appellee only if all calls were charged to appellee. Appellee had on a prior occasion rented the villa by telephoning appellant in Philadelphia on the same condition that all telephone calls would be charged to appellee and the condition had been fully complied with on the prior occasion. While appellee occupied the villa during January, 1977, he made numerous long-distance calls which were charged to appellant in the amount of $1,380.00. This action was brought to recover the amount of the telephone charges so made.

Appellant first contends the lower court erred in ruling on the preliminary objections without first taking evidence on the issue of fact raised by his answer to the preliminary objections in accordance with Pa.R.C.P. 1028(c) which states in relevant part:

"The court shall determine promptly all Preliminary Objections. If an issue of fact is raised, the court shall take evidence by deposition or otherwise."

Paragraph six of the Preliminary Objections states, in conclusory fashion that defendant "has not . . . done in the Commonwealth of Pennsylvania, a series of similar acts for the purpose of thereby realizing pecuniary benefits or otherwise accomplishing an object . . .". Appellant in his answer thereto in like conclusory fashion avers that the "defendant has done in the Commonwealth of Pennsylvania an act or a series of similar acts for the purpose of thereby realizing for himself pecuniary benefits or otherwise accomplishing his objective and it is further averred that the defendant has done a single act in the Commonwealth of Pennsylvania for the purpose of thereby realizing for himself pecuniary benefits or otherwise accomplishing his intended object with the intention of initiating a series of such acts."

Subsequent to the filing of the preliminary objections, appellant filed a notice to take the deposition of appellee to

which appellee responded by filing a Motion for Protective Order. Thereafter the Preliminary Objections were sustained, the Complaint dismissed and the Motion for Protective Order dismissed by Judge Bradley, without deposition or oral argument. These orders were later rescinded when it came to the attention of the ruling Judge that his brother was a member of the law firm representing the defendant. The matter was reassigned and once again without benefit of any deposition or oral argument, Judge Kubaki sustained the Preliminary Objections, dismissed the complaint and the Motion for Protective Order as moot. Thus appellant was precluded from deposing appellee.

There is no doubt that where a defendant asserts a lack of in personam jurisdiction based upon the absence of sufficient contacts in the forum State and an essential factual issue arises from the pleadings as to the scope of his activities within the State, the plaintiff has the right to depose defendant, as to his activities within the state, and the court must permit the taking of the deposition before ruling on the Preliminary Objections. *Laffey v. Lehigh Valley Dairy Cooperative*, 257 Super. 45, 390 A.2d 238 (1978).

The question then is: was there an unresolved issue of fact relevant to the determination of the in personam jurisdiction of the forum State? The averment in appellant's answer that "defendant has done a series of similar acts" in Pennsylvania raises a relevant issue as to the extent of his activities in the State. However, the "series of similar acts" undoubtedly refers to and embraces only the allegation in the Complaint that defendant had on a prior occasion rented the plaintiff's villa under the same terms and conditions and in the same manner as the present rental agreement was made. Since this fact is pleaded in the Complaint it is effectively admitted by appellee and is not in issue. Moreover, appellant in his own Memorandum of Law in answer to the Preliminary Objections stated that: "The disputed issue of fact [is] whether Manchel solicited Weil in Chicago or Weil solicited Manchel in Philadelphia—the plaintiff reserves the right, unless requested by the court to do otherwise, to file a full and complete brief after depositions."

Inasmuch as this was admitted by appellant to be "the disputed issue of fact", the action of the lower court in ruling on the Preliminary Objections without the benefit of the deposition sought by appellant was not prejudicial if, even accepting as true his version of the jurisdictional facts, jurisdiction still would not lie. Accordingly, rather than remanding this case for further proceedings as was done in *Laffey* (supra), we will accept as true appellant's version of the jurisdictional facts and decide this case on that basis.

Appellant contends the lower court erroneously assumed that "the only question involved is whether defendant was 'doing business' within the Commonwealth" within the meaning of § 8309 of the long arm statute (42 Pa.C.S.A. § 8301 et seq.) and failed to consider the applicability of § 8305 which states:

*Causing harm by individuals.*

Any non-resident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 31, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter.

The lower court based its decision on *Stepnowski v. Avery*, 234 Pa.Super. 492, 340 A.2d 465 (1975) which held that the Pennsylvania statute did not intend to reach the occasional transaction between private parties when such transaction is not incidental to their business activities. It is noted, however, that in *Stepnowski* this court was considering the applicability of § 8304 and we specifically stated that § 8305 was inapplicable because the harm there complained of was done by a resident within the Commonwealth. (See footnote 2)

Since the appellant here relies on § 8305 of the Long Arm statute as the basis for in personam jurisdiction, we must

decide (1) whether appellee's conduct was within the provisions of this section and, if so, (2) whether the exercise of in personam jurisdiction in the particular circumstances here existing complies with the constitutional mandate of due process of law, *Commonwealth v. Bisland*, 29 Pa.Cmwlth. 388, 371 A.2d 529 (1977). *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974).

In *Action Industries, Inc. v. Wiedman*, 236 Pa.Super. 447, 346 A.2d 798 (1975) we held that where a resident corporation brought an action against a non-resident employee alleging he breached the duties of his employment contract by making false reports to the corporation from another state and converted the corporation's property in the other state, § 8305 supported in personam jurisdiction over defendant since the phone calls conveying the false information, though originating in another state, were received and detrimentally relied on in Pennsylvania and that the harm resulting from the loss of the corporation's property occurred in Pennsylvania. Therefore, it was held, the harm arose "out of and by reason of" the conduct of defendant. So here it may be plausibly argued that appellant suffered economic harm in Pennsylvania as a result of appellee's conduct in Acapulco in that he wrongfully and in breach of the rental contract which was consummated by telephonic communication with appellant in Pennsylvania, of which state he was a resident, made and charged the telephone calls to appellant.

However, assuming arguendo, that the facts in this case are sufficient to support in personam jurisdiction under § 8305, the question still remains whether the exercise of such jurisdiction under the particular circumstances here present, complies with the due process of law provisions of the Federal Constitution.

In order to exercise jurisdiction over a non-resident defendant, the due process clause requires that certain minimum contacts with the forum state be met so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.

95 (1945). In *Hart v. McCollum*, 249 Super. 267, 376 A.2d 644 (1977), this court stated that in determining whether the exercise of jurisdiction is reasonable, it is proper to consider: (1) whether the defendant initiated and vigorously pursued the transaction; (2) whether there is a "sense of surprise" if the court exercises jurisdiction and (3) whether the transactions in the forum state are numerous and meaningful.

In the instant case, the fact that appellee solicited appellant and initiated the transaction culminating in the rental of appellant's villa in Acapulco, both on this occasion and on a prior occasion, is a factor to be considered in determining the reasonableness of the exercise of jurisdiction. However, giving due weight to such factor, the ultimate issue is whether these two "contacts" had a substantial enough connection with the forum State to make the exercise of jurisdiction over appellee reasonable.

We first note that defendant here was an individual and that his "contacts" with Pennsylvania did not arise out of a commercial setting nor were they incidental to any business activity in which he was engaged. In *Action Industries, Inc. v. Wiedman* (supra) it was noted that cases involving corporations should be applied cautiously to cases involving an individual defendant such as was involved in *Stepnowski* (supra). See footnote 8. In that case we further stated: "[Defendant's] contacts with Pennsylvania originated in a commercial setting, and his assumption of his employment duties was actuated by a profit motive. 'The emphasis of the [longarm] statute is upon doing something in Pennsylvania for the purpose of making a profit.' *McAndrew v. Burnett*, 374 F.Supp. 460, 462 (M.D.Pa.1974) Accord *Stepnowski v. Avery* (supra)."

Thus the court in Action Industries, Inc., while recognizing that in personam jurisdiction may not always reach as far for a non-resident individual as for a foreign business corporation, nonetheless held that the exercise of jurisdiction was there reasonable in light of the circumstances there existing which were as follows: (1) The individual defendant in addition to being an employee of plaintiff corporation was

President of the corporation with which the plaintiff had a contract which enabled him to deceive plaintiff (2) The defendant's contacts within the state originated in a commercial setting (3) The assumption of his employment duties was actuated by a profit motive. In addition, the contract under which defendant was employed required him initially to perform substantial services in Allegheny County, Pennsylvania, which services he did perform there until his transfer to Ohio.

In the instant case however, the non-resident defendant in soliciting plaintiff for the rental of his villa was (1) not actuated by a "profit motive", (2) the transaction did not originate in a "commercial setting" and was not incidental to any business activity and (3) the subject-matter of the rental agreement was not situated within Pennsylvania and no part of the contract was to be performed in this state. The facts here present are clearly distinguishable from those present in *Action Industries, Inc.*

Appellant's reliance on *Hart v. McCollum* (supra) 249 Pa.Super. 267, 376 A.2d 644 is likewise misplaced. The facts there were that the defendant was a business corporation which extensively and for a long period of time advertised in Pennsylvania seeking to obtain residents of this State to patronize its place of business in New Jersey. Thus there the defendant conducted within the forum State extensive activities directly related to its business. In the instant case, the defendant's activities within this State were not only not extensive and meaningful but were not related to his business.

We, therefore hold, that appellee's acts in soliciting appellant for the rental of appellant's villa on two separate occasions did not constitute such substantial and meaningful contacts with Pennsylvania as to establish in personam jurisdiction over appellee. It would be just as unfair and unreasonable to hold appellee here answerable in a foreign forum as it would be to hold a consumer to be so answerable in a foreign forum for unpaid bills on the basis of a "mail

600

order contract." See *In-Flight Devices Corporation v. Van Dusen Air, Inc.*, 466 F.2d 220, 227, N. 13 (1972).

Order affirmed.

WIEAND, J., concurs in the result.

This decision was reached prior to the death of ROBINSON, J.