**Robert VanNAARDEN and Renee Van-Naarden, his wife, 247 Clearview Avenue, Huntingdon Valley, Pa., 19006**

v.

**Richard A. GRASSI and Josefa Grassi, his wife, 2112 Placido Court, Carlsbad, Calif.**

**Civ. A. No. 79–4694.**

United States District Court, E. D. Pennsylvania.

April 2, 1980.

Harris N. Walters, Southampton, Pa., for plaintiff.

Howard Ross Cabot, Philadelphia, Pa., for defendant.

OPINION

DITTER, District Judge.

The question in this diversity case is whether non-resident defendants, who sold a house in Pennsylvania to plaintiffs and then moved to another state, can be served under the Commonwealth's long-arm statute. The complaint alleges that the sale was induced by fraud and misrepresentation. Presently before the court is defendants' motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(2) for lack of personal jurisdiction. For the reasons that will follow, defendants' motion must be refused.

The complaint alleges that in June, 1969, defendants Mr. and Mrs. Richard A. Grassi, purchased a house in Montgomery County, Pennsylvania. In February, 1974, they sustained extensive flood damage after heavy rains. In June, 1975, the Grassis joined with others in a suit in the court of common pleas against the township and the builder, alleging, *inter alia*, various acts of negligence in the construction of their homes and in the subdivision's storm sewer system. In April, 1977, defendants withdrew from this action.

The complaint then alleges that in May, 1977, defendants entered into an agreement to sell their home to plaintiffs, Mr. and Mrs. Robert VanNaarden. Settlement was held in July, 1977, and defendants thereafter moved to California. In July, 1979, there were severe rains and in the resulting flooding, plaintiffs lost personal belongings, furniture, and fixtures, and the house suffered structural damage. Plaintiffs now seek damages in excess of $50,000 for these losses. They contend that prior to settlement defendants failed to disclose the property's history of flooding. Plaintiffs also allege that, at the time of settlement, they asked defendants if there ever had been flooding problems, to which the defendants answered in the negative. Plaintiffs base their cause of action upon these false and fraudulent representations.[1] Service of process was made by registered mail on January 2, 1980, pursuant to Fed.R.Civ.P. 4(b) and the present Pennsylvania long-arm statute, Act of July 9, 1976, P.L. 586, No. 142, § 2 as amended 1978, eff. June 27, 1978; 42 Pa.C. S.A. §§ 5301–29.

Defendants cite *Stepnowski v. Avery*, 234 Pa.Super. 492, 340 A.2d 465 (1975), in support of their argument that the complaint should be dismissed for lack of jurisdiction. In *Stepnowski*, the Pennsylvania Superior Court held that an isolated sale of a personal residence by private individuals, who thereafter became nonresidents, was not sufficient to meet the "doing business" requirement of the long-arm statute then in effect.[2] The Superior Court stated that "the Pennsylvania statute did not intend to reach the occasional transaction [a sale of a personal residence] conducted between private parties when such a transaction is not incidental to their business activities." 234 Pa.Super. at 497, 340 A.2d at 468. *Stepnowski*, however, was decided under a predecessor statute, 42 Pa.C.S.A. §§ 8301–11, which required as a basis of jurisdiction that the nonresident had done business in Pennsylvania.[3] The long-arm statute under

1. Defendants deny making any misrepresentations as to the condition of the home to plaintiffs or any other prospective purchasers. Defendants also assert an undue financial hardship in the event that they are required to travel from California to Pennsylvania, in order to defend this lawsuit effectively.

2. The appellants had purchased a home in Pennsylvania from the appellees, who later moved to Connecticut. Appellants alleged that, after the sale, they discovered latent defects in the roof and plumbing system. Appellants filed suit in assumpsit, alleging money due as a result of the presence of the defects, and obtained default judgment. This appeal was based on the striking of the default judgment by the trial court for want of jurisdiction. 234 Pa.Super. at 494–95, 340 A.2d at 466–67.

3. Section 8304, entitled "Doing business by individuals," was asserted as the basis for jurisdiction in *Stepnowski*. Section 8309 of the former act defined "doing business" as:

(1) The doing by a person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object. (2) The doing of a single act in this Commonwealth for the purpose of realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

. . . . .

. . . . .

(5) The ownership, use or possession of any real property situate within this Commonwealth.

The Superior Court, in *Stepnowski*, failed to address the issue of whether a sale of a private residence amounted to "doing business," stating:

The instant action is an assumpsit action which appears to be based upon a breach of implied warranty. Any such breach could only have occurred upon delivery of the deed. It may be argued that at the moment any breach could have occurred or any harm could have resulted, the appellees were no longer engaged in the ownership, use or pos-

which the instant case must be decided, however, is much broader in its scope over nonresidents and gives this court jurisdiction in the circumstances of this case.

■ Section 5322 of the present law states alternative bases to determine if there is jurisdiction over nonresidents. Subsection (a) lists various acts or activities upon which such a finding may be predicated. Subsection (b) goes beyond the scope of subsection (a) and provides for the exercise of jurisdiction over nonresidents to the fullest extent allowed under the United States Constitution. Therefore, the appropriate analysis is to determine whether the sale of a house by residents who later become nonresidents falls into one of the categories listed in subsection (a); alternatively, whether it amounts to sufficient contacts under subsection (b) to justify the exercise of jurisdiction by a Pennsylvania court.

Accepting plaintiffs' allegations as true, as I must for the purposes of this motion, personal jurisdiction is provided under section 5322(a)(5): "having an interest in, using, or possessing real property in this Commonwealth." Defendants had used the home as a personal residence from June, 1969, up until the time of settlement with plaintiffs. The alleged misrepresentations were made by defendants prior to and at the time of settlement. Therefore, the cause of action arises from an interest in real property used and possessed by defendants prior to conveyance and at a time when they themselves were Pennsylvania residents.[4]

A second jurisdictional basis is provided by section 5322(b):

(b) *Exercise of full constitutional power over non-residents.* In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (re-

lating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

In *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); the United States Supreme Court held that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. at 158. In *World-Wide Volkswagen Corp. v. Woodson,* —— U.S. ——, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Court stated: "As has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exists 'minimum contacts' between the defendant and the forum State." —— U.S. at ——, 100 S.Ct. at 564. Such an exercise of personal jurisdiction over nonresidents is not without its limits. As was stated in *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), due process requires a defendant to have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State thus invoking the benefits and protections of its laws." 357 U.S. at 253, 78 S.Ct. at 1240.

Relying on *International Shoe Co. v. Washington* and *Hanson v. Denckla,* the Pennsylvania Superior Court in *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974), set forth guidelines for determining whether minimum contacts were present in a given factual setting:

234 Pa.Super. at 497 n. 4, 340 A.2d at 468 n. 4.

session of the property. We choose, however, to rest our decision on less technical ground, and hold that an incidental transaction which is not actuated by a profit motive, is not "doing business" within the contemplation of our long-arm statute.

4. Similar treatment under similar statutes are found in *Cox v. Long,* 143 Ga.App. 182, 237 S.E.2d 672 (1977) and *Mayeux v. Hughes,* 333 So.2d 273 (La.App.1976).

First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws . . .. Secondly, the cause of action must arise from defendant's activities within the forum state . . .. Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

228 Pa.Super. at 19, 323 A.2d at 15. These guidelines have been recently reaffirmed in *Bev-Mark, Inc. v. Summerfield GMC Truck Co.,* —— Pa.Super. ——, 407 A.2d 443 (1979).[5]

■ In this case, defendants purposefully availed themselves of the privilege of conducting activities within Pennsylvania by entering into an agreement to sell their house to plaintiffs and thus accepted the benefits and protections of Pennsylvania law. The present cause of action arises from this purposeful activity: the false and fraudulent misrepresentations were made prior to and at the time of sale and settlement. The defendants' many contacts with Pennsylvania make the exercise of jurisdiction over them reasonable.

---

**5.** Although the *Proctor* guidelines were announced within the context of corporate transactions, I feel that they also are useful in deciding this case. Judge Jacob's warning in *Stepnowski*, supra, that "cases involving corporations should be received cautiously as precedent for cases involving individual defendants," was stated in the context of the old long-arm statute. This warning is no longer applicable in light of the present change in attitude engendered by the legislature's enactment of the present long-arm statute. Section 8309(b) of the old statute only permitted the exercise of personal jurisdiction to the fullest extent allowed by the Constitution against "foreign corporations." Section 5322(b), in comparison, provides for personal jurisdiction to the fullest extent permitted by the Constitution as to "all persons" or "nonresidents."