**Levin v. Kirschner**

*Catherine Miraglia Lecky,* for plaintiff.
*Ira J. Pressman,* for defendant.

BROWN, *J.*, March 31, 1981—Plaintiffs Robert B. and Brenda E. Levin filed a complaint in trespass on February 25, 1980 alleging that defendants M. Richard and Lillian F. Kirschner falsely represented that the septic system of a Pennsylvania property which they sold to plaintiffs functioned properly; that defendants knew these representations to be false; and that the representations were made intentionally to induce plaintiffs to purchase the property. Defendants reside in Arizona. Plaintiffs rely on section 5322(a)(3) and (5) of the Judicial Code, 42 Pa.C.S.A., §5322(a)(3) and (5), effective June 27, 1978, which provides:

"General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person: . . .

(3) Causing harm or tortious injury by an act or omission in this Commonwealth. . . . (5) Having an interest in, using, or possessing real property in this Commonwealth."

Defendants' preliminary objections in the nature of a demurrer were sustained and the complaint dismissed for lack of in personam jurisdiction on the authority of Hutchko v. Coll, 103 Montg. 235 (1977), aff'd without opinion, 260 Pa. Superior Ct. 609, 394 A. 2d 622 (1978). Plaintiffs' appeal from that order necessitates this opinion.

The issue concerns interpretation of section 5322(a)(3) and (5) and, additionally, section 5322(b) of the Judicial Code, which provides:

"Exercise of full constitutional power over nonresidents.—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."

Although decided under the predecessor long arm statute, the same consideration in Hutchko, at 239, where tortious conduct was alleged, is applicable here:

"The important and fundamental question of jurisdiction over a nonresident ought not to turn on the allegation of fraud or misrepresentation in a case such as this. We believe the statute was not

intended to apply to isolated contractual transactions but rather to acts which are purely tortious. We cannot lose sight of how easy it is to allege fraud . . . simply to gain jurisdiction."

While the present long arm statute which controls this case is broader than the predecessor statute, it is not so broad as to transform an assumpsit action into a trespass action. Indeed, although slight changes in language have been enacted, it is difficult to discern any fundamental change in section 5322(a)(3) from its predecessor, 42 Pa.C.S.A. §8303 (repealed), as respects the scope of tortious acts which serve as a jurisdictional basis.

The other specific basis said to support jurisdiction, section 5322(a)(5), is not applicable to this action. The predecessor of that section, the act of July 2, 1937, P. L. 2747 12 P.S. §331 (repealed), was interpreted to allow extraterritorial service upon a nonresident or removing resident owner, tenant or user of real estate where an accident involved that real estate: Betcher v. Hay-Roe, 429 Pa. 371, 377, 240 A. 2d 501, 504-505 (1968). Plaintiffs in the instant action have not shown how section 5322(a)(5) broadened the scope of its predecessor. The cause of action does not arise from defendants "[h]aving an interest in, using or possessing real property in this Commonwealth," since defendants have no such interest, use or possession.

Finally, we reject the contention that jurisdiction exists under section 5322(b), which provides jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." While this provision does constitute an expansion of its predecessor, due process still "requires that the exercise of jurisdiction be reasonable under the circum-

stances." Stepnowski v. Avery, 234 Pa. Superior Ct. 492, 497, 340 A. 2d 465, 468 (1975), citing International Shoe Co. v. Washington, 326 U. S. 310 (1945). The Superior Court, in Manchel v. Weil, 272 Pa. Superior Ct. 591, 597, 598, 416 A. 2d 1054, 1057 (1979), restated the following appropriate considerations:

"In order to exercise jurisdiction over a non-resident defendant, the due process clause requires that certain minimum contacts with the forum state be met so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice . . . [I]n determining whether the exercise of jurisdiction is reasonable, it is proper to consider: (1) whether the defendant initiated and vigorously pursued the transaction; (2) whether there is a 'sense of surprise' if the court exercises jurisdiction and (3) whether the transactions in the state are numerous and meaningful."

The sole transaction here was the sale of the house by defendants to plaintiffs on July 21, 1978. Later defendants moved to Arizona. This action was not started until a year-and-a-half after the sale of the house. Certainly jurisdiction in this forum would be a surprise to defendants now residents of Arizona. The isolated sale of a home by individuals, as opposed to sales by real estate developers is not a sufficient connection to justify in personam jurisdiction.