**L & L SHIRTS, INC. t/a Adolfo Linea Tennis**

v.

**Michael GILBERT et al.**

**Civ. A. No. 82–1124.**

United States District Court, E.D. Pennsylvania.

Dec. 17, 1982.

Bruce P. Friedman, Philadelphia, Pa., for plaintiff.

Thomas McKeough, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff L & L Shirts ("L & L") brought this action against the individual defendants and Andi-Luv, Inc., a California corporation, contending that defendants have failed to pay plaintiff for certain goods shipped to the defendants pursuant to a distributorship arrangement between plaintiff and Andi-Luv. Defendants have filed a motion to dismiss for lack of personal jurisdiction. At oral argument before this Court on October 25, 1982, plaintiff agreed that this Court was without personal jurisdiction over the individual defendants. For the reasons hereinafter set forth, the Court has determined that the corporate defendant Andi-Luv is subject to the personal jurisdiction of the Court.

At oral argument, and in its affidavit in support of its motion to dismiss, defendant Andi-Luv has conceded that its representatives made business trips to Pennsylvania on six occasions for the purpose of examining the clothing line of L & L shirts. At that time, Andi-Luv was a distributor of L & L products in the western United States. In 1977, L & L had negotiated a sales representation agreement with Andrea Gilbert which provided that she would represent L & L shirts in the western United States. In 1979, she assigned her contractual rights in this agreement to Andi-Luv. Defendants Michael and Andrea Gilbert are the sole officers and employees of Andi-Luv, while Michael Gilbert is the sole share-holder. From 1979 until the time of the events at issue in this litigation, Andi-Luv acted as L & L's sales representative in the western United States.

Andi-Luv contends that this Court lacks personal jurisdiction because Andi-Luv does not have a "continuous and substantial business presence in Pennsylvania" but has had contact with the state only through the six business trips as well as telephone calls and letter correspondence between Andi-Luv and L & L. Plaintiff contends that this amount of contact is sufficient to confer personal jurisdiction since defendants' contact with Pennsylvania is interwoven with the transactions out of which arise plaintiff's claim.

■ The subject matter jurisdiction of this Court in this case is founded upon diversity of citizenship (28 U.S.C. § 1332). A federal court sitting in diversity will apply the law of the forum state in order to determine whether personal jurisdiction exists. See Fed.R.Civ.P. 4(e). *Van Naarden v. Grassi,* 488 F.Supp. 720 (E.D.Pa.1980). However, the reach of the Pennsylvania long-arm jurisdiction statute is limited by the due process clause of the Constitution. See *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir.1981). Thus, if Pennsylvania's long-arm statute provides a basis for personal jurisdiction over Andi-Luv, this Court may exercise such jurisdiction so long as the defendant has certain "minimum contacts" with Pennsylvania such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe, supra,* 326 U.S. at 316, 66 S.Ct. at 158.

■ There exist essentially two procedures under the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5301 *et seq.,* by which a non-resident corporation may become subject to the jurisdiction of this Court. 42 Pa.C.S.A. § 5301 provides that jurisdiction may be exercised over a non-resident corporation when it either consents

to jurisdiction or maintains "a continuous and systematic part of its general business" in Pennsylvania. § 5301(a)(2)(iii). Jurisdiction pursuant to this section may be asserted even though the cause of action does not arise from the defendant's forum activities. § 5301(b).

In addition to the method of asserting personal jurisdiction under § 5301, § 5322 provides that personal jurisdiction may be based upon the defendant's transacting any business in Pennsylvania, § 5322(a)(1), or the doing of any of the things specifically set forth in the section. Section 5322(b) provides that personal jurisdiction may be based "upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Section 5322(c) states, however, that the exercise of jurisdiction pursuant to this section is limited to causes of action which arise from the Pennsylvania contacts upon which the personal jurisdiction has been based.

The relevant section of Pennsylvania's jurisdictional statute, 42 Pa.C.S.A. § 5322, provides:

A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

42 Pa.C.S.A. § 5322(a)(1)(i)(ii).

Defendant Andi-Luv has admitted that its representatives entered the state for the purpose of attending sales meetings and/or viewing L & L merchandise in order to determine which items Andi-Luv would attempt to distribute in the western region. Clearly these were a "series of similar acts for the purpose of thereby realizing pecuniary benefit or to otherwise accomplishing an object." The attendance at the meetings was clearly related to Andi-Luv's efforts to profit through the distribution and sales of L & L products. Andi-Luv is therefore subject to the personal jurisdiction of this Court so long as the exercise of such jurisdiction comports with the limits of the due process clause.

In *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court stated that to justify an exercise of personal jurisdiction the "defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." 444 U.S. at 292, 100 S.Ct. at 564. In light of Andi-Luv's distribution arrangement with L & L, a relation in effect for two years and including half a dozen business-related trips into Pennsylvania, Andi-Luv should have reasonably anticipated that it might be required to appear in courts in Pennsylvania if a legal dispute arose concerning this business relationship. The reasonableness of a court's exercise of jurisdiction is to be determined by "the relationship among the defendant, the forum, and the litigation." *Rush v. Savchuk,* 444 U.S. 320, 327, 100 S.Ct. 571, 576, 62 L.Ed.2d 516 (1980), quoting *Shaffer v. Heitner,* 433 U.S. 186 at 204, 97 S.Ct. 2569 at 2579, 53 L.Ed.2d 683. In this case, there is sufficient relationship to make the exercise of personal jurisdiction proper under the limits of the due process clause. An appropriate order will be accordingly entered.